NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 701,<br><br>Plaintiff,<br><br>v.<br><br>STROEHMANN BAKERIES,<br><br>Defendant, | Civil Action No.: 09-6205 (PGS)<br><br>OPINION |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on defendant Stroehmann Bakeries' motion to dismiss plaintiff's three-count complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, defendant's motion is granted.

**STATEMENT OF FACTS**

Plaintiff, International Brotherhood of Teamsters, Local 701 ("Local 701"), filed a verified complaint against defendant, Stroehmann Bakeries ("Stroehmann") on December 8, 2009 to vacate an arbitration award.

Local 701 is a labor organization in North Brunswick, New Jersey that represents a bargaining unit of employees at Stroehmann. (Compl. ¶ 1.) Stroehmann is involved in the sale and distribution of bread related products. (Compl. ¶ 2.) Local 701 and Stroehmann entered into

a collective bargaining agreement ("CBA"). The CBA contains a grievance and arbitration provision in Article XXV(D) stating, "[t]he Arbitrator shall have no power to alter, amend, revoke or suspend any of the provisions of this Agreement." (Compl. ¶ 9.) Additionally, the CBA states that private agreements made between Stroehmann and its employees are prohibited and all agreements must be between Stroehmann and Local 701. (Compl. ¶ 10.) The CBA also states that prior disciplinary suspensions or reprimands do not carry any force or effect after one (1) year from the date of the incident. (Compl. ¶ 11.) The agreement allows six (6) days of sick leave per year. (Compl. ¶ 12.)

John Cash is a former employee of Stroehmann who was employed for twenty-two (22) years as a route salesperson at Stroehmann's Kearny, New Jersey location. (Compl. ¶ 3.) Cash was diagnosed with cancer several years ago and plaintiff alleges that this illness caused him to miss work several times. (Compl. ¶ 14.) On September 22, 2008, Cash was terminated from Stroehmann as a result of his poor attendance. (Compl. ¶ 15.) In December 2008, plaintiff was permitted to return to work pursuant to a private "last chance agreement" ("LCA") with defendant which required Cash to provide medical documentation for any absence. (Compl. ¶¶ 16-17.) The agreement was only signed by Frank LePore, defendant's sales branch manager, and Cash without any union signator. (Compl. ¶ 17.) Defendant alleges that the LCA required Cash to provide medical documentation for any absence.

Cash returned to work in January 2009 and took several sick and personal days which Local 701 alleges were pursuant to the CBA. (Compl. ¶ 18.) Local 701 alleges that Stroehmann did not ask Cash to provide a doctor's note for these absences. (Compl. ¶ 19.) On May 20, 2009, Cash was terminated by defendant for failing to comply with the LCA. (Compl. ¶ 20.)

On August 28, 2009, the grievance regarding Cash's termination was submitted to arbitration pursuant to the CBA. The arbitrator issued a decision in favor of defendant. (Compl. ¶¶ 23-26.) The arbitrator found that the LCA is valid and decided that Cash's absences violated that agreement. Defendant alleges that a copy of the LCA was supposed to be sent to John DeGrazio, a business agent for Local 701, but there was a mix-up and it was never received or signed by Local 701. Plaintiff alleges that the president of Local 701, Ernie Soehl, is the only officer authorized to execute LCAs and he never saw the agreement prior to Cash's termination and never authorized DeGrazio to execute it. (Compl. ¶¶ 29-30.) Plaintiff alleges that the LCA is invalid because it lacks the necessary signature from the president and therefore constitutes a private agreement between Cash and defendant, which is prohibited by the CBA.

Stroehmann alleges that the LCA was not a private agreement with Cash because a representative from Local 701, Mr. DeGrazio, was present at negotiations between Cash and Stroehmann and helped negotiate the LCA on behalf of Cash. Although Stroehmann recognizes that there was an inadvertent error made by failure to forward the agreement to Local 701 for signature, defendant alleges that Local 701 was aware of and involved in negotiations with Cash and Stroehmann, and accordingly the CBA was not breached. Stroehmann alleges that Cash's failure to comply with the LCA, by continuing to miss work without providing proper medical documentation, was a valid reason for termination of Cash's employment and such termination was not in violation of the CBA.

## DISCUSSION

Stroehmann moves to dismiss Local 701's complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the arbitrator did not exceed his authority while interpreting the CBA and that the

3

arbitrator's decision draws its essence from the CBA.

**Motion to Dismiss - Standard of Review**

On a motion to dismiss for failure to state a claim, the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See, e.g., Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. *Iqbal*, 129 S. Ct. at 1950. The question is whether the claimant can prove any set of facts consistent with his allegations that will entitle him to relief, not whether that person will ultimately prevail. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000), *cert. denied, Forbes v. Semerenko*, 531 U.S. 1149, 121 S.Ct. 1091 (2001).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 129 S. Ct. at 1949; *See Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir.1997). "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz*, 1 F.3d 176, 183 (3d Cir.1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]

4

to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, . . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact), . . . ." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted); *see also Iqbal*, 129 S. Ct. at 1949-50.

### The Arbitration Award Draws Its Essence From the CBA

Local 701 seeks to vacate the arbitrator's award and invalidate the LCA for three reasons. First, Local 701 states that the arbitrator exceeded his authority by ignoring the plain language of the CBA. (Compl. ¶¶ 34-37.) Second, the arbitrator's award fails to draw its essence from the CBA because the CBA prohibits private agreements between Stroehmann and employees. (Compl. ¶¶ 38-41.) Lastly, the arbitrator's award fails to draw its essence from the CBA because the arbitrator relied on evidence of prior discipline dated more than a year before the May 2009 incident, which is prohibited by the CBA. (Compl. ¶¶ 42-47.) The standard to overturn an arbitrator's award is very narrow, and some of the above reasons are sufficient to warrant vacating the award.

A court's review in a proceeding to confirm or vacate an arbitration award is "exceedingly narrow." *Eichleay Corp. v. Int'l Assoc. of Bridge, Structural and Ornamental Iron Workers*, 944 F.2d 1047, 1055-56 (3d Cir. 1991). "An arbitration award can be vacated only if it does not draw its essence from the collective bargaining agreement." *Id.* at 1056 (citing *Roberts & Schaefer Co. v. Local 1846, United Mine Workers of Am.*, 812 F.2d 883, 885 (3d Cir. 1987)). Accordingly, a district court "may not vacate an arbitration award merely because it would decide

the merits differently." *Id.* at 1056 (citing *Tanoma Mining Co. v. Local Union No. 1269, United Mine Workers of Am.*, 896 F.2d 745, 747 (3d Cir. 1990)). "So long as the arbitration award has some support in the record, and the arbitrator has not manifestly disregard the law," a district court must affirm the award. *Id.* Indeed, an "arbitrator's improvident, even silly, factfinding does not provide a basis for a reviewing court to refuse to enforce the award." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (internal quotations omitted).

Local 701's argument that the arbitrator exceeded his authority by ignoring the plain language of the CBA is misplaced. Local 701 asserts that the award failed to draw its essence from the CBA because the contract prohibits "private agreements" such as the LCA. Local 701 misconstrues the arbitrator's ruling. The arbitrator's opinion quotes the exact language of the CBA regarding private agreements and interprets the facts in light of the contract which illustrates that the arbitrator did not ignore the plain language. The arbitrator dismissed the argument that the LCA was a private agreement because DeGrazio was present as a "a bona fide Union representative." (See Compl. Ex. B at 8). The arbitrator states that the fact that the LCA is not signed by Local 701 is "a wooden technicality when all the facts are considered" and the missing signature is insufficient to invalidate the LCA. *Id.* at 7. *See Eichleay Corp.*, 944 F.2d at 1056.

Interestingly, DeGrazio did not testify at the arbitration hearing, and he did not dispute the terms of the LCA or the union's participation in creating those terms. The arbitrator found that since DeGrazio did not testify; and he did not refute or rebut the terms of the last chance agreement, the absence of such testimony serves only to support the company's position."

6

The arbitrator found that the LCA was not a private agreement between Cash and Stroehmanns Bakery because DeGrazio's participation indicated the union's knowledge of it. Although Local 701 considers the arbitrator's action a "manifest disregard of the law," it was a well-reasoned decision supported by the record.

Local 701's last argument is that the arbitrator relies on employee infractions (mainly unauthorized absences from work) from over a year after they occurred, an action forbidden by the CBA, and therefore violates the CBA. However, Stroehmann argues that the arbitrator mentions the prior missed work days for context, and does not rely on them to make his decision. This Court agrees with that reasoning. Cash's absenteeism in light of the LCA terms require Cash to provide medical documentation when he misses work. The arbitrator, relying on the CBA, drew his conclusion from the present facts of the case and did not rely on the prior infractions.

## CONCLUSION

For the forgoing reasons, defendant's motion to dismiss the complaint is granted.

6/22/10

_____
PETER G. SHERIDAN, U.S.D.J.